## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Christopher Fountain, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-2220-JWB-GEB |
| | ) | |
| City of Wichita and | ) | |
| Wichita Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION OF DISMISSAL

### I.    Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

### II.    Recommendation of Dismissal

Plaintiff filed his Complaint on April 18, 2026 alleging violations of 42 U.S.C. § 1983 by the Wichita Police Department for a pattern of behavior allegedly resulting in repeated violations of Plaintiff's constitutional rights.[1] The same day, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis ("Motion") (ECF No. 3, *sealed*). However, Plaintiff did not attach an accompanying financial affidavit to the Motion. On April 29,

---

[1] ECF No. 1.

2026, the Court took Plaintiff's Motion under advisement and directed him to file a financial affidavit within 10 days of the Order for the Court's consideration. To date, Plaintiff has not provided a financial affidavit for consideration with his Motion.

Under 28 U.S.C. §1915(a), the Court has discretion to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof."[2] However, "[p]roceeding *in forma pauperis* in a civil case 'is a privilege, not a right-fundamental or otherwise.'"[3] When determining whether a party is eligible to file without prepayment of the fee, the court reviews a party's financial affidavit and compares his monthly expenses with the monthly income disclosed therein.[4] In this matter, the Court is unable to conduct the required comparison where Plaintiff has not disclosed any financial information. However, a magistrate judge does not have authority under 28 U.S.C. § 636 to deny a motion to proceed without prepayment of fees.[5]Accordingly, the undersigned Magistrate Judge **RECOMMENDS** Plaintiff's Motion (**ECF No. 3,** *sealed*) be **DENIED.**

Plaintiff commenced this action and, as a party to it, has an obligation to actively

---

[2] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); and *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *1 (D. Kan. Apr. 9, 1997)).

[3] *Barnett*, at *1 (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999)).

[4] *Alexander v. Wichita Hous. Auth.,* No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. April. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[5] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (the denial of plaintiff's motion to proceed *in forma pauperis* is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

pursue and participate in the case. Fed. R. Civ. P. 41(b) allows dismissal of a lawsuit if "the plaintiff fails to prosecute or to comply with these rules or a court order."[6]  To date, Plaintiff has failed abide by this Court's April 29, 2026 order and file an Affidavit of Financial Status. Thus, the Court recommends denial of the Motion and dismissal of his action for failure to prosecute.

Accordingly, **IT IS THEREFORE RECOMMENDED** Plaintiff's Motion **(ECF No. 3, *sealed*)** be **DENIED** and Plaintiff's claims **(ECF No. 1)** be **DISMISSED** for failure to prosecute per Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated this 14th day of May 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[6] *A&J Mfg., LLC v. L.A.D. Glob. Enterprises, Inc.*, No. 19-2009-KHV, 2020 WL 2495918, at *1 (D. Kan. May 14, 2020) ("Pursuant to Rule 41(b), Fed. R. Civ. P., the Court can dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order. . . When the dismissal is without prejudice, 'it is well established in this circuit that a district court is not obligated to follow any particular procedures.'") (citing *Young v. United States*, 316 F. App'x 764, 771, 772 (10th Cir. 2009)); *Gross v. Dunn*, No. 18-3018-SAC, 2018 WL 5807117, at *1 (D. Kan. Nov. 6, 2018).