**In the United States District Court
for the District of Kansas**

———————

Case No. 2:26-cv-02024-TC-GEB

———————

CHRISTOPHER FOUNTAIN

*Plaintiff*

v.

JEFF EASTER,

*Defendant*

———————

## ORDER ADOPTING REPORT & RECOMMENDATION

Magistrate Judge Gwynne E. Birzer issued a Report and Recommendation (R&R) that Plaintiff Christopher Fountain's motion for leave to proceed in forma pauperis, Doc. 3, be denied and that this action be dismissed. Doc. 7 at 1–3. The R&R found that Fountain failed to file a financial affidavit despite the Judge Birzer's April 29, 2026 order directing him to do so within ten days, leaving Judge Birzer unable to conduct the financial comparison required to evaluate his motion. *Id.* at 2. The R&R also determined that Fountain's failure to comply with the court order warranted dismissal of his action for failure to prosecute under Fed. R. Civ. P. 41(b). *Id.* at 3. The R&R informed Fountain that he could object to its findings within fourteen days of receipt and that failure to do so would waive appellate review of both factual and legal questions. *Id.* at 1.

When a magistrate judge issues a report and recommendation on a dispositive pretrial matter, a party objecting to the recommendation must "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district judge must then

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). This means that objections to a magistrate judge's recommended disposition must be "both timely and specific to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be timely, the objection must be made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). Objections are sufficiently specific if they "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060. Where a party fails to make a proper objection, a district court may review the recommendation under any standard it deems appropriate, even for clear error. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1125 (D. Colo. 2019).

Fourteen days have passed since the Report and Recommendation was filed and Fountain filed no response to it. And after reviewing the pleadings submitted, there appears to be no error in Judge Birzer's conclusions or recommendations. As a result, the R&R is adopted in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Report and Recommendation, Doc. 7, is adopted in its entirety. West's motion for leave to proceed in forma pauperis, Doc. 3, is DENIED, and this action is DISMISSED.

**IT IS SO ORDERED.**

Date: June 1, 2026                          s/ Toby Crouse
                                            Toby Crouse
                                            United States District Judge